IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEMP STRICKLAND**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CITIZENS BANK, N.A.**,<br><br>Defendant. | Case No. 3:23-cv-01126-IM<br><br>**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Kelsey M. Peddie, Chenoweth Law Group PC, 510 SW 5th Ave, Fifth Floor, Portland, OR 97204. Attorney for Plaintiff.

**IMMERGUT, District Judge.**

Before this Court is Plaintiff Kemp Strickland's Motion for Default Judgment ("Mot."), ECF 28. Plaintiff has filed a quiet title action under Oregon law against Defendant Citizens Bank, N.A. On October 25, 2023, the Clerk entered the default of Defendant, ECF 27, which has not appeared in this action. Plaintiff now seeks a default judgment against Defendant, asserting that he is entitled to declaratory and injunctive relief. For the reasons below, Plaintiff's Motion is GRANTED.

PAGE 1 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

## BACKGROUND

The following background is taken from the allegations in Plaintiff's Complaint ("Compl."), ECF 1-1, and two supplemental declarations provided by Plaintiff, *see* First Declaration of Kemp Strickland ("First Strickland Decl."), ECF 33; Second Declaration of Kemp Strickland ("Second Strickland Decl."), ECF 38.

Plaintiff is the sole owner in fee simple of real property located at the address 14301 SE Viola Vineyard Drive, Happy Valley, OR 97086, which this Court will call the "Viola Vineyard property." Compl., ECF 1-1 ¶¶ 2–3. Defendant is not in possession of the property. *Id.* ¶ 8. On or about November 7, 2006, Plaintiff and his ex-wife took out a $96,955 home equity line of credit with National City Bank. First Strickland Decl., ECF 33 ¶ 2; Compl., ECF 1-1 ¶ 6. Plaintiff and his ex-wife signed a fixed rate consumer note, security agreement, and line of credit trust deed. First Strickland Decl., ECF 33 ¶ 2. The note and trust deed were executed in Oregon. *Id.* ¶ 3. The trust deed granted National City Bank a security interest in the Viola Vineyard property. *Id.* ¶ 4.

In August 2016, Plaintiff filed for bankruptcy. *Id.* ¶ 5. After the bankruptcy, on November 23, 2016, Defendant assumed the trust deed from National City Bank and recorded its interest in the Viola Vineyard property with Clackamas County. *Id.* ¶ 7; *see* ECF 33, Ex. 1 (copy of Clackamas County record of assignment). Defendant continues to be the beneficiary of the trust deed. Compl., ECF 1-1 ¶ 6. However, Defendant has not attempted to collect any loan payments from Plaintiff to release this trust deed. Second Strickland Decl., ECF 38 ¶ 5. When Plaintiff has called Defendant's representatives about paying off the loan, he has been told that Defendant has no record of Plaintiff's loan. *Id.*

On July 13, 2023, Plaintiff brought this quiet title suit under O.R.S. 105.605 against Defendant and Wilmington Trust, N.A. in the Circuit Court of the State of Oregon for the County of Clackamas. *See* Compl., ECF 1-1 ¶ 10. In his Complaint, Plaintiff seeks (i) a

declaration that Plaintiff is the owner of the Viola Vineyard property in fee simple and "entitled to possession thereof, free of any estate, title, claim, lien, or interest of Citizens Bank" and (ii) an injunction against "Citizens Bank and those claiming under Citizens Bank from asserting any estate, title, claim, lien, or interest in the Property or any portion thereof." *Id.* Wilmington Trust removed this case to federal court on August 2, 2023, ECF 1, but Plaintiff moved to have Wilmington Trust dismissed from the case nineteen days later, ECF 9.

Then, between August 22 and 30, 2023, Plaintiff moved for both an entry of default and default judgment against Defendant, who had not yet appeared in this case. ECF 11, 13, 15. On August 31, this Court ordered Plaintiff to provide documentation of proper service to Defendant and denied the Motion for Default Judgment with leave to renew. ECF 17. Plaintiff filed proof that it had served a manager of a Citizens Bank branch in Rhode Island. ECF 19. This Court deemed this service to be insufficient and denied Plaintiff's Motion for Entry of Default. ECF 20. As this Court explained, Oregon law requires Plaintiff, at a minimum, to serve Defendant's registered agent in its principal place of business, Rhode Island. *Id.* For this reason, and because this Court sought to ensure that Defendant received fair notice of this suit consistent with Federal Rule of Civil Procedure 4, this Court ordered Plaintiff to mail copies of the Summons, his Complaint, and Amended Motion for Entry of Default to Defendant's registered agents in Rhode Island and Delaware, its state of incorporation. *Id.*

Plaintiff complied with this Court's order and filed proof of service on October 2, 2023. ECF 21. Plaintiff moved for entry of default again on October 23, 2023, ECF 25, and this Court granted it two days later, ECF 27. Plaintiff next filed a renewed Motion for Default Judgment. ECF 28. However, since the Motion did not engage with the Ninth Circuit's test for determining the appropriateness of default judgment—i.e., the *Eitel* factors, *see infra* at 8–9—this Court

PAGE 3 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

ordered supplemental briefing addressing those factors. ECF 30. Plaintiff timely filed his supplemental brief. Supplemental Brief ("Supp."), ECF 31. This Court then ordered Plaintiff to provide additional factual allegations concerning whether this Court has personal jurisdiction over Defendant. ECF 32. Plaintiff filed a responsive declaration on December 7, 2023. First Strickland Decl., ECF 33. Finally, this Court ordered Plaintiff to then provide additional briefing and factual allegations concerning the merits of his equitable quiet title action and his request for permanent injunctive relief. ECF 34. Plaintiff filed responsive briefing and a declaration on January 3, 2024. ECF 37; Second Strickland Decl., ECF 38.

## DISCUSSION

Part A of this Opinion holds that this Court has personal jurisdiction over Defendant. Part B holds that Plaintiff has satisfied the procedural prerequisites to pursuing a default judgment. Part C holds that Plaintiff has satisfied the *Eitel* factors. And Part D holds that permanent injunctive and declaratory relief are appropriate here.

**A. Jurisdiction Over Defendant Citizens Bank**

As an initial matter, this Court is satisfied that it has personal jurisdiction over Defendant based on the facts in this record. A district court "has an affirmative duty" to determine whether it has subject matter jurisdiction and personal jurisdiction over the defendant before entering a default judgment. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The court "may dismiss an action *sua sponte*" where personal jurisdiction does not exist. *Id*. However, it must first give the plaintiff moving for a default judgment the opportunity to show facts supporting the exercise of personal jurisdiction. *Id.* at 712–13.

Plaintiff has alleged sufficient facts to support the exercise of specific personal jurisdiction in this case. Specific personal jurisdiction exists where a defendant has "purposefully avail[ed] itself of the privilege of conducting activities within" the state attempting to exert

PAGE 4 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

personal jurisdiction. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A plaintiff's claims must also "arise out of or relate to the defendant's contacts" with the forum. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017) (citation and brackets omitted). While this does not necessarily require a strict causal link between the defendant's contacts and the plaintiff's injury, the two must be sufficiently related such that subjecting the defendant to suit in the forum state would not "offend traditional notions of fair play and substantial justice." *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945) (internal quotation marks omitted). Courts within the Ninth Circuit apply a three-part test to determine whether the exercise of specific jurisdiction over a non-resident defendant is appropriate:

> (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (citations, brackets, and internal quotation marks omitted).

This Court finds all three prongs met in the present case. *First*, although Defendant is based in Rhode Island and Delaware, it purposefully registered a security interest in real property located in Oregon with an Oregon county office. *See* ECF 33, Ex. 1. Accordingly, it sought to "avail [it]self of the privilege of conducting activities in" Oregon and "invoke[] the benefits and protections of" Oregon law to assert that security interest. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). On this point, *Sher v. Johnson* is dispositive. 911 F.2d 1357 (9th Cir. 1990). There, the Ninth Circuit held that executing a deed of trust in the State of California constituted a significant contact with that State. *Id.* at 1363–64. "The execution of the

PAGE 5 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

deed," the Ninth Circuit reasoned, "contemplated significant future consequences in California: perfection of the partnership's security interest would require filing in the California recorder's office; judgment on the deed would require the application of California law; enforcement of such a judgment would require the action of a California court." *Id.* at 1363 (internal quotation marks and brackets omitted). That holding applies with full force here; Defendant's actions contemplated "significant future consequences" in Oregon. *Second*, Plaintiff's claim arises out of Defendant's security interest in the Viola Vineyard property. *Third*, because Plaintiff has satisfied the first two prongs of personal jurisdiction, Defendant bears the burden of showing that jurisdiction here would be unreasonable. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1096 (9th Cir. 2023). But Defendant has not appeared, so it cannot meet this burden. *See Hand & Nail Harmony Inc. v. ABC Nail & Spa Prods.*, Case No. SACV 16–0969–DOC (JEMx), 2017 WL 2936215, at *6 (C.D. Cal. Apr. 19, 2017). This Court is therefore satisfied that it can exercise personal jurisdiction over Defendant in this matter.

This Court is also satisfied that it has subject matter jurisdiction. Federal courts may hear civil actions between citizens of different States when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity among the parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citation omitted). There is complete diversity here: Plaintiff is a citizen of Oregon, and Defendant is a citizen of Rhode Island (its headquarters) and Delaware (its state of incorporation). *See* Compl., ECF 1-1 ¶ 1; Notice of Removal, ECF 1 at 2; ECF 20; *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018) (explaining that a corporation's citizenship is generally determined by its headquarters and state of incorporation). And the amount in controversy here is $96,955—more

than the requisite $75,000 minimum. Thus, this Court may exercise subject matter jurisdiction over this matter.

Finally, this Court is satisfied that Plaintiff has Article III standing to seek injunctive and declaratory relief in this quiet title action. *See Avista Corp. Inc. v. Wolfe*, 549 F.3d 1239, 1246 n.6 (9th Cir. 2008) (explaining that a party's "assertion of an ownership interest to [real property] provides it with standing to bring a quiet title and declaratory judgment action."); *United States v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008) (explaining that an interest in real property "satisf[ies] any requirement of Article III standing" in a quiet title action).

**B. Procedural Requirements**

Plaintiff has satisfied the requirements of Local Rule 55 and Federal Rule of Civil Procedure 55. Plaintiff requested, ECF 25, and received, ECF 27, the Clerk's entry of default. Defendant is a corporation and is therefore neither a minor nor incompetent. ECF 26 ¶ 4. Defendant has not appeared personally or by a representative, so it is not entitled to written notice of the application for default judgment. Fed. R. Civ. P. 55(b); *see also Stephen Wurth Photography, Inc. v. Wetpaint.com, Inc.*, Case No. SA CV 16-2101-DOC (JDEx), 2018 WL 5266861, at *2 (C.D. Cal. Oct. 5, 2018) (determining plaintiffs' "procedural compliance").

The relief granted in default judgment is limited to what is demanded in the pleadings. Fed. R. Civ. P. 54(c). The remedies requested in the instant motion "are not different from and do not exceed the relief prayed for in the Complaint." *Philip Morris USA Inc. v. Banh*, No. CV 03-4043 GAF (PJWx), 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005); *see* Mot., ECF 28.

Finding procedural compliance, this Court now turns to the merits of Plaintiff's Motion for Default Judgment.

///

///

PAGE 7 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

## C. The *Eitel* Factors for Default Judgment Under Federal Rule of Civil Procedure 55

"The dispositions of motions for entries of default and default judgments are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. N.Y. State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (ellipsis omitted) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). Plaintiff has moved this Court, and not the Clerk, for default judgment. A court "may" enter default judgment, while the Clerk "must" do so if certain criteria are satisfied. *See S. Coast Lumber Co. v. Blue Lake Power, LLC*, Civ. No. 1:15-cv-01651-CL, 2015 WL 13238463, at *1 (D. Or. Dec. 1, 2015) (rejecting plaintiff's claim that Rule 55(b)(1)'s mandatory provision applies because "Plaintiff's request is addressed to the Court, [so] the Court will analyze its motion under subsection (2)'s discretionary standard."), *report and recommendation adopted*, Case No. 1:15 CV 01651-CL, 2016 WL 8735677 (D. Or. Jan. 22, 2016). Because Plaintiff has addressed his motion to this Court, and because Plaintiff is seeking a declaration and injunction and not a sum certain, this Court will analyze Plaintiff's motion under the Rule 55(b)(2) standard.

The Ninth Circuit has identified seven factors to guide a district court's consideration of whether to enter a default judgment ("*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted). The "starting point is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

PAGE 8 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

On balance, the *Eitel* factors weigh in favor of granting Plaintiff's Motion for Default Judgment. Each factor is discussed in turn.

1. **Factor 1: Prejudice to Plaintiff**

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given Defendant's failure to appear in this lawsuit and Plaintiff's lack of alternative avenues of recovery, Plaintiff would suffer prejudice if default judgment is not entered. This factor thus weighs in favor of default judgment. *See Garcia v. Pacwest Contracting LLC*, No. 3:12-cv-01930-SI, 2016 WL 526236, at *3 (D. Or. Feb. 9, 2016) (noting lack of "alternative means by which to resolve their present claims" and finding this factor weighed in favor of default judgment).

2. **Factors 2 and 3: Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors "require that a plaintiff state a claim on which [it] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (quotation marks and citation omitted); *see also Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) ("The second and third *Eitel* factors . . . are often analyzed together." (citation omitted)). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiff can satisfy the elements of an equitable quiet title claim under O.R.S. 105.605. To secure a judgment quieting title, Plaintiff must prove that he has a substantial interest in, or

claim to, the disputed property and that his title is superior to that of Defendant. *See Coussens v. Stevens*, 200 Or. App. 165, 171 (2005). Therefore, Plaintiff must "expressly allege that: (1) his title is superior to that of [D]efendant[]; and (2) the subject loan has been satisfied or that [P]laintiff is ready, willing and able to tender the full amount owed on the loan." *Collier v. Wilmington Savs. Fund Soc'y, FSB, as Tr. of Stanwich Mortg. Loan Tr. A*, Case No. 2:20-cv-681-HL, 2022 WL 1223253, at *1 (D. Or. Apr. 26, 2022) (quoting *Oliver v. Delta Fin. Liquidating Tr.*, No. 6:12–cv–00869–AA, 2012 WL 3704954, *5 (D. Or. Aug. 27, 2012)).

Plaintiff has done so. First, he alleges that he owns the Viola Vineyard property in fee simple and that Defendant is not in possession of the property. Compl., ECF 1-1 ¶¶ 3, 8. Moreover, even though Defendant holds a line of credit trust deed in the Viola Vineyard property, that fact alone "does not convey legal or equitable title or interest to" Defendant; instead, Defendant "has only a lien on the property." *Collier*, 2022 WL 1223253 at *2 (quoting *Kerr v. Miller*, 159 Or. App. 613, 621 (1999)); *see* O.R.S. 86.715 ("A trust deed is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property . . . ."). Second, Plaintiff has expressly stated in a declaration that he is "ready, willing, and able to make any legally owing payments on [his] loan," Second Strickland Decl., ECF 38 ¶ 6, and that he has "contacted representatives at [Defendant] Citizens Bank several times over the last several years to obtain information regarding the loan, payoff information, or otherwise make payments on the loan," *id.* ¶ 5. According to Plaintiff, however, Defendant has said that it has no record of this loan. *Id.* These facts are sufficient to state a claim for a quiet title action under Oregon law.

  **3. Factor 4: Sum of Money at Stake**

The court must "consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. When a plaintiff does not seek money

PAGE 10 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

damages, this factor favors default judgment. *Id.* at 1177; *see Progressive Universal Ins. Co. v. Minica*, Case No. 2:22-cv-01573-HL, 2023 WL 5435976, at *5 (D. Or. July 18, 2023) (same); *Artisan & Trucker Cas. Co. v. Finishline Trucking, LLC*, Case No. 3:20-cv-01762-IM, 2022 WL 420939, at *5 (D. Or. Feb. 11, 2022) (same). That is the case here, for Plaintiff seeks only declaratory and injunctive relief. Accordingly, this factor favors the grant of default judgment.

4. **Factor 5: Possibility of a Dispute Concerning Material Facts**

The fifth *Eitel* factor considers whether a dispute of material facts is likely. "Where the [p]laintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low." *3M Co. v. Phx. Auto. Refinishing Co., Ltd.*, CV 17-00649-RSWL-DTB, 2018 WL 1989536, at *5 (C.D. Cal. Apr. 25, 2018) (alteration in original) (quoting *Warner Bros. Home Ent., Inc. v. Slaughter*, No. CV 13–0892–DOC RNB(x), 2013 WL 5890682, at *3 (C.D. Cal. Oct. 30, 2013)). Because Plaintiff has provided this Court with two declarations in addition to his Complaint, and since Defendant has failed to timely respond to Plaintiff's claims, this factor weighs in favor of default judgment.

5. **Factor 6: Whether Default Was Due to Excusable Neglect**

This factor considers whether the defendant's default was due to excusable neglect. Because Defendant was properly served by service via authorized agent under Oregon law in September 2023, ECF 21, this factor favors default judgment. *See Nat'l Photo Grp., LLC v. Pier Corp.*, Case No. SACV 13–1165–DOC (JPRx), 2014 WL 12576641, at *3 (C.D. Cal. Mar. 10, 2014); *3M Co.*, 2018 WL 1989536 at *5.

6. **Factor 7: Strong Policy Preference for Decisions on the Merits**

The seventh *Eitel* factor considers the strong policy preference in favor of decisions on the merits. However, "where a defendant's failure to appear 'makes decision on the merits impracticable, if not impossible,' entry of default judgment is warranted." *Craigslist, Inc. v.*

PAGE 11 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

*Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (quoting *PepsiCo*, 238 F. Supp. 2d at 1177); *see also 3M Co.*, 2018 WL 1989536 at *5. Such is the case here, as Defendant has failed to appear in the present case, despite service to its registered agents in both Rhode Island and Delaware. ECF 21 ¶ 4.

**D. Remedy**

Federal Rule of Civil Procedure 54(c) limits the relief in default judgment to what is demanded in the pleadings. Fed. R. Civ. P. 54(c). In the instant Motion, Plaintiff seeks a judgment declaring that he is "the owner in fee simple of the [Viola Vineyard property] and entitled to possession thereof, free of any estate, title, claim, lien, or interest of Citizens Bank" and "enjoin[ing] Citizens Bank and those claiming under Citizens Bank from asserting any estate, title, claim, lien, or interest in the Property or any portion thereof." Compl., ECF 1-1 ¶ 10.

Plaintiff is entitled to his requested permanent injunction against Defendant. To obtain a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citation omitted). Plaintiff has satisfied all four factors. *See* ECF 37 (Plaintiff's supplemental briefing on the *eBay* factors).

    **1. Irreparable Injury/the Inadequacy of Monetary Damages**

Courts generally consider irreparable harm and the inadequacy of monetary damages in tandem. *See Acumed LLC v. Stryker Corp.*, No. 04–CV–513–BR, 2007 WL 4180682, at *3 (D. Or. Nov. 20, 2007); *Hells Canyon Preservation Council v. Jacoby*, 9 F. Supp. 2d 1216, 1245 (D. Or. 1998). "It is well-established that the loss of an interest in real property constitutes an

PAGE 12 – OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

irreparable injury." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011) (citing cases). Here, Defendant retains a trust deed for the Viola Vineyard property, but despite Plaintiff's attempts at contact, Defendant has failed to inform Plaintiff of where to make any loan payments, what the payout amount is, or any other information about the loan. Second Strickland Decl., ECF 38 ¶¶ 5–6. Thus, Plaintiff is burdened by an ongoing lien on his property that retrospective monetary damages cannot resolve. And Plaintiff cannot sell or otherwise transfer the property as long as the lien remains. *Id.* ¶ 7. Only removal of the lien can remedy Plaintiff's injury.

### 2. Balance of Hardships

This prong "concerns the burdens or hardships to [Plaintiff] compared with the burden on Defendant[] if an injunction is ordered." *Porretti v. Dzurenda*, 11 F.4th 1037, 1050 (9th Cir. 2021) (citation omitted). Here, Plaintiff cannot transfer his property, nor does he have any means of removing the lien on his property. By contrast, Defendant has seemingly abandoned the loan and is no longer servicing it. Second Strickland Decl., ECF 38 ¶ 6. In the event of an injunction, Defendant loses only the ability to collect payments, or make up for payments, it is making no attempt to collect now. Accordingly, the hardship on Plaintiff in the absence of an injunction outweighs the potential hardship on Defendant were an injunction ordered.

### 3. The Public Interest

The public interest inquiry primarily addresses the impact on non-parties rather than parties. *Barrett v. Premo*, 101 F. Supp. 3d 980, 998 (D. Or. 2015). Here, an injunction involves only the Parties and would have virtually no impact on any non-parties. Therefore, "the public interest would not be disserved by a permanent injunction." *eBay*, 547 U.S. at 391. Further, this Court notes that the public interest generally favors "preventing improper foreclosures"—any foreclosure here would be improper in light of Plaintiff's viable quiet title claim. *Phillips v.*

*Specialized Loan Serv. LLC*, Case No. EDCV 20-1819 JGB (SPx), 2021 WL 6751976, at *2 (C.D. Cal. Nov. 5, 2021) (citations omitted).

\* \* \*

In sum, Plaintiff has satisfied the *eBay* factors for a permanent injunction. Further, in light of Plaintiff's ability to meet the *Eitel* and *eBay* factors, this Court exercises its discretion to issue the requested declaratory relief. *Am. States Ins. Co v. Kearns*, 15 F.3d 142, 143–44 (9th Cir. 1994) (explaining that for a court to issue declaratory relief, it must find standing and "balance concerns of judicial administration, comity, and fairness to the litigants." (citation omitted)).

## CONCLUSION

For the foregoing reasons, this Court GRANTS Plaintiff's Motion for Default Judgment, ECF 28. This Court enjoins Citizens Bank and those in active concert with it from asserting any estate, title, claim, lien, or interest in the property located at 14301 SE Viola Vineyard Drive, Happy Valley, OR, 97086, and bearing the legal description Lot 16, TUSCAN HILLS, in the City of Happy Valley, County of Clackamas, and State of Oregon. Further, this Court declares that Plaintiff is the owner in fee simple of the aforementioned property and entitled to possession thereof, free of any estate, title, claim, lien, or interest of Citizens Bank.

**IT IS SO ORDERED.**

DATED this 18th day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge